IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John K. Massey Jr., | ) | C/A No.: 0:14-1876-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| J.T. Branham and York County, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff John K. Massey Jr., proceeding pro se, originally filed this matter in the Court of Common Pleas for York County, South Carolina. [ECF No. 1-1]. J.T. Branham and York County ("Defendants") removed the action to this court on May 9, 2014. [ECF No. 1]. This matter comes before the court on the following motions of Plaintiff: (1) motion to appoint counsel [ECF No. 10]; (2) motion for discovery [ECF No. 12]; (2) motions to produce [ECF Nos. 17, 33]; and (4) motions for issuance of subpoena [ECF Nos. 10, 22].

I.    Motion to Appoint Counsel

There is no right to appointed counsel in civil rights cases.  *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1), *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases."  *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  Plaintiff in his motion has not shown that any exceptional circumstances exist in this case.  After a review of the file, this court has determined that there are no exceptional or unusual

circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984).  In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case.  Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) [ECF No. 10] is denied.

II.     Discovery Motions

Plaintiff's remaining motions [ECF Nos. 10, 12, 17, 22, and 33] all seek discovery related to the history of all arrests made by Branham or the criminal procedure related to Plaintiff's arrests. However, because Plaintiff is not challenging the legal justification of his arrests [ECF No. 23 at 4], he has failed to show that he is entitled to discovery on these issues. In fact, because Plaintiff has not stated a claim upon which relief can be granted,[1] Plaintiff has not shown that he is entitled to discovery. Therefore, the undersigned denies Plaintiff's motions for discovery [ECF Nos. 10, 12, 17, 22, and 33].

IT IS SO ORDERED.

October 27, 2014                          Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

---

[1] The undersigned has issued a report and recommendation contemporaneously with this order that recommends this case be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.