IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John K. Massey Jr., ) | C/A No.: 0:14-1876-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| J.T. Branham and York County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff John K. Massey Jr., proceeding pro se, originally filed this matter in the Court of Common Pleas for York County, South Carolina. [ECF No. 1-1]. J.T. Branham and York County ("Defendants") removed the action to this court on May 9, 2014. [ECF No. 1]. This matter comes before the court on Plaintiff's motion to remand [ECF No. 9] and Defendants' motion to dismiss [ECF No. 19]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 20]. These motions having been fully briefed [ECF Nos. 11, 23, 34], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends Plaintiff's motion to remand be denied and Defendants' motion to dismiss be granted.

I.      Factual Background

Plaintiff alleges he was deprived of his civil rights under the Fifth Amendment to the United States Constitution and asserts claims of "racial profiling, harassment, miscarriage of justice, and dereliction of duty by a commissioned officer." [ECF No. 1-1 at 3]. Plaintiff claims Defendants arrested him five times on sixteen separate charges between January 2008 and January 2014. *Id.* Plaintiff alleges he was incarcerated for over 25 months within five years on these charges, but none of the arrests or charges resulted in a conviction. *Id.* Plaintiff seeks monetary damages. *Id.* at 4.

II.     Discussion

   A.   Motion to Remand

      1.   Authority to Remand

There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992). Many federal circuit courts addressing this matter in published opinions have reached a similar result, holding that an order to remand is dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998). In light of the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation has been prepared in this case. *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000)

2

(noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

        2.      Analysis

A defendant may remove a state court action to a federal district court if the state court action could have been filed originally in a federal district court. *See* 28 U.S.C. § 1441. Generally, a case may be filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Defendants removed this case pursuant to 28 U.S.C. § 1331, alleging that it arises under the Constitution, laws, or treaties of the United States. [ECF No. 1 at 1–2].

In determining whether removal based on federal question jurisdiction was proper, a district court must look to the plaintiff's state court pleading to determine the grounds for removal. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936). "[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "In other words, federal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Mickalis Pawn Shop, LLC v. Bloomberg*, 482 F. Supp. 2d 707, 710 (D.S.C. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) *(citing Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921)).

Plaintiff's complaint states that Defendants have deprived him "of his civil rights and liberties granted by the U.S. Constitution under the Fifth Amendment." [ECF No. 1-1 at 3]. In his motion for remand, Plaintiff acknowledges that he listed "federal issues" in his complaint, but argues that his case must first be heard in the state court. [ECF No. 9 at 1–2]. Plaintiff provides no legal basis for his argument that Defendants' removal was improper. *Id*. Because Plaintiff's complaint arises under the United States Constitution, the undersigned finds that Defendants' removal was proper and recommends Plaintiff's motion to remand [ECF No. 9] be denied.

B.    Motion to Dismiss

1.    Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the

4

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    2.    Analysis

Defendants argue that Plaintiff's complaint should be dismissed because it fails to isolate his respective arrests and periods of incarceration, list the nature and viability of each criminal charge, provide facts concerning Branham's role in his arrest, or challenge the legal justification for the arrests. [ECF No. 19-1 at 3]. Defendants further allege that Plaintiff's complaint fails to describe how his Fifth Amendment rights were violated or what portion of the Fifth Amendment was violated. *Id.* at 5. In response, Plaintiff provides a list of all of his arrests and charges made by Defendants from January 1, 2008, to January 1, 2014. [ECF No. 23 at 6]. Plaintiff also states that he is not "attacking the Defendants['] legal justification to make arrests but the undue, and burdensomeness of the multiple, uninvestigated, lackadaisical, maliced arrests by the defendants." *Id.* at 4; *see also id.* at 11. Plaintiff further argues that his due process rights were violated when he was arrested on July 17, 2013, was not indicted, was not given a preliminary hearing, and was not offered any other type of relief from these pending charges, other than a

5

proposed plea offer. *Id.* at 8. Plaintiff indicates that the July 17, 2013, charge is still pending. *Id.* Plaintiff also alleges that his due process rights were violated when he was repeatedly convicted of having violated his probation. *Id.* at 8–9.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Iqbal*, 556 U.S. at 677–78; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

It does not appear that Plaintiff intended to assert claims for false arrest or malicious prosecution, as he states that he is not challenging the legal justification for his arrests. [ECF No. 23 at 4]. To the extent Plaintiff asserts that he is entitled to relief based on the number of times he has been arrested, he fails to provide any legal basis for such a claim. Although Plaintiff states that he is bringing a claim for violation of due process,[1] he provides no factual allegations demonstrating that Defendants violated his due process rights. Plaintiff's response to Defendants' motion to dismiss is devoid of allegations

---

[1] The court construes Plaintiff's Fifth Amendment due process claim [ECF No. 1-1 at 3] as brought pursuant to the Fourteenth Amendment, which is applicable to state actors.

6

suggesting that he could cure the deficiencies in his complaint with an amendment.[2] Accordingly, Plaintiff fails to set forth a claim against Defendants upon which relief can be granted, and the undersigned recommends that the court grant Defendants' motion to dismiss.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district judge deny Plaintiff's motion to remand [ECF No. 9] and grant Defendants' motion to dismiss [ECF No. 19].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 27, 2014                                    Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Plaintiff's allegations concerning the failure to provide a preliminary hearing, failure to indict, and improper probation revocation hearings are insufficient to support his due process violation claim. *See, e.g.*, *Gerstein v. Pugh,* 420 U.S. 103, 120 (1975) (finding that the federal constitution does not create a right to a state preliminary hearing); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997) (granting absolute immunity from suit when prosecutors exercised their prosecutorial discretion and made determinations as to whether to go forward with an indictment); *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that to recover damages for imprisonment in violation of the constitution, the imprisonment itself must first be successfully challenged).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).