IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| John K. Massey, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No.: 0:14-cv-01876-TLW |
| vs. ) | |
| ) | |
| J.T. Branham and County of York, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

# ORDER

Plaintiff John K. Massey, Jr., an inmate proceeding pro se, filed this action in the Court of Common Pleas for York County, South Carolina. Doc. #1. The Defendants removed the action to this Court on May 9, 2014. Id. In the complaint, Plaintiff alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Doc. #1. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on October 27, 2014, by Magistrate Judge Shiva V. Hodges, Doc. #36, to whom this case was previously assigned. In the Report, the Magistrate Judge recommends that the Court (1) deny Plaintiff's motion to remand, Doc. #9, and (2) grant Defendants' motion to dismiss, Doc. #19. Plaintiff filed objections to the Report on November 18, 2014. Doc. #39. In addition, Plaintiff has since filed a motion for appointment of counsel, Doc. #46, a motion to amend his complaint, Doc. #45, and a proposed amended complaint, Doc. #47. These matters are now ripe for disposition.

The Court has reviewed the Report and the objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the

1

> final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court hereby **ACCEPTS** the Report. The Plaintiff's objections, Doc. #39, are **OVERRULED**. The Plaintiff's motion to remand, Doc. #9, is **DENIED**. The Defendants' motion to dismiss, Doc. #19, is **GRANTED**. The original complaint, Doc. #1, is hereby **DISMISSED**.

The Court has also reviewed Plaintiff's request for appointment of counsel, Doc. #68, which was filed after the Report and Recommendation. While the Court has discretion to appoint counsel to represent a person unable to afford counsel, "there is no absolute right to appointment of counsel; a plaintiff must present "exceptional circumstances." Hall v. Holsmith, 340 F. App'x 944, 946 (4th Cir. 2009) (citing Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987)). The Plaintiff has made no showing of exceptional circumstances in this case. As a result, the Plaintiff's motion for appointment of counsel, Doc. #46, is **DENIED**.

The final matter before the Court is Plaintiff's motion to amend his complaint. Doc. #45. Because it was filed after the Magistrate Judge's Report was filed, the motion to amend was not before the Magistrate Judge. Rule 15(a) of the Federal Rules of Civil Procedure provides that on a motion to amend, "[t]he court should freely give leave when justice so requires." Based on the

liberal amendment standard, the Plaintiff's motion to amend is **GRANTED** and the amended complaint, Doc. #47, is deemed filed. The case is remanded to the Magistrate Judge for further proceedings.

    **IT IS SO ORDERED**.

                                                  s/Terry L. Wooten
                                      Chief United States District Judge

March 23, 2015
Columbia, South Carolina