IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John K. Massey Jr., | C/A No.: 0:14-1876-TLW-SVH |
| Plaintiff, | |
| vs. | |
| | ORDER |
| J.T. Branham; York County; NE Schifferle; and B. Schettler, | |
| Defendants. | |

Plaintiff John K. Massey Jr., proceeding pro se, originally filed this matter in the Court of Common Pleas for York County, South Carolina, [ECF No. 1-1], and it was removed to this court on May 9, 2014. [ECF No. 1]. In his amended complaint, Plaintiff sues J.T. Branham, York County, NE Schifferle, and B. Schettler ("Defendants") for alleged violations of his constitutional rights during his incarceration at the Moss Justice Detention Center. This matter comes before the court on the following motions by Plaintiff: (1) motion to amend [ECF No. 83]; (2) motion to compel [ECF No. 84]; and (3) motion for a physical and mental examination [ECF No. 89].

I.     Motion to Amend

In his motion to amend, Plaintiff seeks to add additional defendants. [ECF No. 83]. He states that he needs to add Bruce Bryant and Chief Martin as defendants because they are high level officials who have control of the records, and only defendants can be required to produce documents. *Id.* at 2. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only

when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

Adding a defendant to obtain discovery is not a good faith basis for amendment. In addition, to the extent Plaintiff attempts to bring claims against Bryant and Martin based on *respondeat superior*, such claims are futile, as they do not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). Moreover, "[b]ecause vicarious liability is inapplicable to [] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff provides insufficient factual allegations to demonstrate that Bryant and Martin were aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Therefore, the undersigned denies Plaintiff's motion to amend.

II.     Motion to Compel

Plaintiff filed a motion to compel on August 3, 2015, alleging that Defendants had not responded to his discovery requests. [ECF No. 84]. On August 17, 2015, Defendants filed a response to the motion to compel and a request for an extension to the scheduling order. [ECF Nos. 85, 86]. Counsel for Defendants indicated in the response that he was compiling and reviewing voluminous documents requested by Plaintiff and needed additional time to complete the request. [ECF No. 85]. Upon good cause shown, the

undersigned granted Defendants' request for an extension. Therefore, Plaintiff's motion to compel is denied as moot with leave to refile if Defendants fail to produce responses to the discovery requests.

III.    Motion for Physical and Mental Examination

Plaintiff filed a motion pursuant to Fed. R. Civ. P. 35(a)(1), which allows courts to "order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Plaintiff argues the rule allows a court to order a prison to produce a prisoner for examination at the prisoner's request. However, this position has been routinely rejected. "Rule 35 does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003), *cert. denied*, 540 U.S. 1132 (2004); *see also Johnson v. Bumgardner*, No. 5:12-cv-1914-JMC-KDW, 2013 WL 1187016 at *2 (D.S.C. March 20, 2013); *Ashford v. Gordon*, No. 0:13-1113-JFA-PJG, 2013 WL 5495280 at *1 (D.S.C. Oct. 2, 2013); "Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party." *Brown*, 74 F. App'x at 164. Plaintiff's motion for a physical and mental examination [ECF No. 89] is denied.

IV.    Conclusion

For the foregoing reasons, the undersigned denies the following motions by Plaintiff: (1) motion to amend [ECF No. 83]; (2) motion to compel [ECF No. 84]; and (3)

3

motion for a physical and mental examination [ECF No. 89].

    IT IS SO ORDERED.

August 26, 2015                   Shiva V. Hodges
Columbia, South Carolina        United States Magistrate Judge

4