IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John K. Massey Jr., ) | C/A No.: 0:14-1876-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| J.T. Branham; York County; NE ) | |
| Schifferle; and B. Schettler, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff John K. Massey Jr., proceeding pro se, originally filed this matter in the Court of Common Pleas for York County, South Carolina, [ECF No. 1-1], and it was removed to this court on May 9, 2014. [ECF No. 1]. In his amended complaint, Plaintiff sues J.T. Branham, York County, NE Schifferle, and B. Schettler ("Defendants") for alleged violations of his constitutional rights during his incarceration at the Moss Justice Detention Center. This matter comes before the court on Plaintiff's motions to compel [ECF Nos. 94,[1] 97,[2] 98]. Defendants filed responses [ECF Nos. 103], and Plaintiff did not file a reply.

---

[1] In ECF No. 94, Plaintiff also requests responses to the interrogatories that were the subject of a prior motion to compel. Defendants indicated that they have now served such responses [ECF No. 96] and Plaintiff has not filed a reply indicating that such responses were insufficient. Therefore, the undersigned addresses only the outstanding issues in ECF No. 94.

[2] In ECF No. 97, Plaintiff states that he is seeking to compel responses to "Plaintiff's F[ir]st Reconsideration for Production of Documents [ECF #76], [ECF #77], [ECF #78]." Plaintiff has not provided the responses that he argues are deficient. Defendants provided a copy of their responses to "Plaintiff's 1st Reconsideration for Production of Documents." [ECF No. 103-2]. To the extent Plaintiff argues other responses are insufficient, his motion is denied for failure to put the responses in the record.

All of Plaintiff's motions to compel contain arguments related to Defendants' responses to Requests 7, 9, and 11. In Request 7, Plaintiff seeks all video, pictures, and audio related to his arrests on December 13, 2009, July 16, 2011, September 12, 2011, July 17, 2013, and January 13, 2014. [ECF No. 103-2 at 4]. Defendants responded that all records responsive to the request were produced. *Id.* In their response to Plaintiff's motions to compel, counsel for Defendants states that they have not located the video requested by Plaintiff, but will supplement in the event that it is located. [ECF No. 103 at 2–3]. The undersigned also notes that, while Plaintiff argues the videos are relevant to genuine issues of material fact, Plaintiff has not alleged that the manner in which he was arrested was improper and it is unclear to which issues or allegations he believes the videos are relevant. Therefore, based on the record before the court, Plaintiff has not shown he is entitled to a greater response from Defendants as to Request 7.

In Plaintiff's Request 9, he seeks:

> Any and all Rules, and policies of York County, York County Sheriff's Department, and York County Detention Center about how it handles alleged cases of negligence, medical indifference, police misconduct and harassment.
> (a) How do they respond to racial profiling, criminal profiling;
> (b) When a pattern of such abuse has been founded, what's the protocol?

[ECF No. 103-2 at 3]. Defendants objected to the request as vague, compound, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. *Id.* In their response, Defendants stated that they do not have policies with the headings requested. Additionally, Defendants noted that they produced 70 pages of detention center policies. Therefore, to the extent Defendants were able to

discern what Plaintiff sought, they were unable to locate any documents directly responsive to this request. The undersigned notes that Plaintiff did not file a reply to further clarify the documents he sought.

> Plaintiff's Request 11 states:
>
> Identify and attach a copy of any and all Court Transcripts of the Plaintiff John K. Massey, Jr. in the Sixteenth (16) Circuit Court of South Carolina on the stated court dates: Aug 27th, 2010 with Judge McIntosh; June 21st, 2012 with Judge Nettles; July 13th, 2012 with Judge Hayes; Specifically any and all Transcripts with Judge Alford Aug of 2013 (Aug 26th, 2013);
> (a) Specifically to Include Court Transcript of Jan 26th, 2015;
> (b) Specifically to Include Court Transcript of Any and all cases in Aug of 2013;
> (c) Identify and copy court transcripts of March 31st, 2015.

[ECF No. 103-2 at 6]. Defendants responded "Upon information and belief, any and all records responsive to this request in the possession of the undersigned are contained within Bates nos. 9420-A-0001 through 9420-A-0741 and produced herewith." *Id*. Plaintiff states that he did not receive any of the requested documents. In their response, Defendants stated that they are not in possession of such transcripts. To the extent, Plaintiff seeks such documents, he may contact the Clerk of Court for York County and pay for transcripts. Defendants are not responsible for obtaining court documents for Plaintiff.

Plaintiff also seeks to compel responses to discovery requests he served on October 12, 2015. [ECF No. 98 at 3]. Plaintiff's request was outside of the deadline contained in the first amended scheduling order, which states: "Discovery shall be completed no later than October 21, 2015. All discovery requests, including subpoenas *duces tecum*, shall be served in time for the responses thereto to be served by this date."

3

[ECF No. 87]. Any discovery requests should have been served by September 21, 2015, to comply with the scheduling order.

For the foregoing reasons, Plaintiff's motions to compel [ECF Nos. 94, 97, 98] are denied.

IT IS SO ORDERED.

February 5, 2016
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

4